UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JAMES CARL YORK, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 6:15-cv-00791-MHH-SGC |
| DEWAYNE ESTES, Warden, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On May 23, 2016, the magistrate judge entered a report in which she recommended that the Court deny petitioner James Carl York's 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 9). The magistrate judge advised the parties of their right to file objections to the report and recommendation within 14 days. (Doc. 9, pp. 8-9). Mr. York filed objections to the report and recommendation. (Doc. 12).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784

(11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Mr. York's objections largely repeat arguments that he made in response to the magistrate judge's order to show cause why the petition should not be dismissed as untimely. Mr. York contends that he is actually innocent and that the trial court lacked jurisdiction to convict and sentence him for first degree rape. (*Compare* Doc. 6 *with* Doc. 12). As the magistrate judge explained, actual innocence may provide relief from a statute of limitations bar only if there is evidence of factual innocence. Mr. York's actual innocence arguments all concern procedural matters. He has presented no evidence to support his assertion that he actually is innocent of the rape charge against him.[1] Mr. York's objections do not cure his failure to demonstrate that the actual innocence exception applies to his case or the fact that the alleged jurisdictional defect in the trial court does not excuse his untimely habeas claims. Moreover, Mr. York offers no evidence or arguments to controvert the magistrate judge's conclusion that, even if equitable tolling was initially available, Mr. York did not pursue his rights diligently.

---

[1] In her report, the magistrate judge stated, "nowhere does Petitioner even allege that he did not commit first degree rape by engaging in sexual intercourse with a girl under the age of twelve." (Doc. 9, p. 5). In his objections, Mr. York made such a denial. He stated: "York affirmatively swears that he is innocent of the crime of rape first degree." (Doc. 12, p. 6). Under binding precedent, the Court does not believe that such an assertion is sufficient to lift the bar of the statute of limitations.

After full consideration of the record in this case, including the magistrate judge's report and Mr. York's objections, the Court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendations. The Court does not reach the merits of Mr. York's arguments in favor of habeas relief. Instead, the Court accepts the magistrate judge's finding that the applicable one-year statute of limitations bars Mr. York's petition. The Court overrules Mr. York's objections. Accordingly, the petition is denied as time-barred, and the Court declines to issue a certificate of appealability.

The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 29, 2017.

*/s/ Madeline H. Haikala*
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE